IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| Patrick C. Carter, | ) | Case No. 09-03458-TOM13 |
| | ) | |
| Debtor. | ) | |

| | | |
|---|---|---|
| Patrick C. Carter | ) | |
| | ) | |
| Plaintiff, | ) | A.P. No. 09-00132-TOM |
| | ) | |
| vs. | ) | |
| | ) | |
| Checkmate, Cash Advance Centers, LLC | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on the Plaintiff's Application for Default Judgment (hereinafter, the "Motion for Default"). (Adversary Proceeding No. 7) A hearing was held on the Motion for Default on September 16, 2009 (hereinafter, the "Hearing"). Appearing at the Hearing were: Patrick C. Carter (hereinafter, the "Plaintiff"); Glen Chattin Moore and Rob Keller, attorneys for the Plaintiff; and Mary Frances Fallaw, Staff Attorney for the Chapter 13 Trustee. This Court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157(a) and 1334(b) (1994) and the district court's General Order Of Reference Dated July 16, 1984, As Amended July 17, 1984.[1] This is a core

---

[1] The General Order of Reference Dated July 16, 1984, As Amended July 17, 1984 issued by the United States District Court for the Northern District of Alabama provides:
> The general order of reference entered July 16, 1984 is hereby amended to add that there be hereby referred to the Bankruptcy Judges for this district all cases, and matters and proceedings in cases, under the Bankruptcy Act.

proceeding arising under Title 11 of the United States Code as defined in 28 U.S.C. § 157(b)(2)(A).[2]
This Court has considered the pleadings, arguments of counsel, and the law and finds and concludes as follows.

### I. FINDINGS OF FACTS[3]

On June 10, 2009, the Plaintiff filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code. The Plaintiff listed Checkmate, Cash Advance Centers, LLC (hereinafter, "Checkmate") on schedule F as an unsecured creditor holding a claim in the amount of $587.00. On June 18, 2009, Checkmate filed a proof of claim in the Plaintiff's case, Claim No. 1, in the amount of $587.50 (hereinafter, the "Proof of Claim"). Attachments to the Proof of Claim revealed the Plaintiff's unredacted social security number and a check bearing the Plaintiff's unredacted bank account number at ACIPCO Federal Credit Union.

On June 23, 2009, the Plaintiff filed a Motion to Seal, Sever or Strike Proof of Claim (hereinafter, the "Motion to Strike") pursuant to 11 U.S.C. § 107 and Federal Rule of Bankruptcy Procedure 9037. (Proceeding No. 22) The Motion to Strike requested the Court to redact the Plaintiff's personal information from the Proof of Claim. Two days later, on June 25, 2009, the Court entered an order granting the Motion to Strike (hereinafter, the "Order"). (Proceeding No. 23) The Order further provided that Checkmate could timely file a new proof of claim properly redacting all of the Plaintiff's personal information within 30 days from entry of the Order. (*Id.*) That same

---

[2]28 U.S.C. §157(b)(2)(A) provides:
    (b)(2)Core proceedings include, but are not limited to–
    (A) matters concerning the administration of the estate[.]

[3]Pursuant to Rule 201 of the Federal Rules of Evidence, the Court may take judicial notice of the contents of its own files. *See ITT Rayonier, Inc. v. U.S.*, 651 F.2d 343 (5th Cir. Unit B July 1981); *Florida v. Charley Toppino & Sons, Inc.*, 514 F.2d 700, 704 (5th Cir. 1975).

day, the Clerk's Office removed all public access to the Proof of Claim. Checkmate has not filed a new proof of claim.

The Plaintiff initiated this adversary proceeding against Checkmate on July 3, 2009. In the Complaint, the Plaintiff alleges three counts: Count One is for violation of the Bankruptcy Code, Bankruptcy Rules and for Contempt; Count Two is for violation of the Gramm-Leach-Bliley Act, 15 U.S.C. §§ 6801-6809; and Count Three is for Invasion of Privacy. On August 14, 2009, the Plaintiff filed the Motion for Default, requesting an entry of default against Checkmate for Counts One and Three. (Adversary Proceeding No. 7) Other than filing the Proof of Claim, Checkmate has not responded or answered in the main case or this adversary proceeding.[4]

At the Hearing, the Plaintiff testified as to his damages. The Plaintiff testified that he lost one day of work (eight hours) to be in court on this proceeding, that he makes nearly $18.00 per hour at his place of employment and that he has suffered damages for lost pay in the amount of $144.00. The Plaintiff also testified as to the damages he expects to have if he takes certain protective measures to prevent identity theft. The Plaintiff anticipates procuring Life Lock, which prevents identity theft, for a period of three years, and paying $10.00 per month for this service, for a total of $330.00. The Plaintiff testified he anticipates procuring Identity Guard, which detects identity tampering, for three years at a total cost of $540.00. The Plaintiff anticipates paying a total of $90.00 to freeze, pause or lift the freeze on his account with each credit bureau. The Plaintiff testified that it will cost $50.00 to close and re-open his bank account. Additionally, the Plaintiff testified that he

---

[4] The Court notes that all notices in the main case were sent to Checkmate at the following address: 1110 North Chalkville Road, Trussville, AL 35173. This address is also indicated for Checkmate in the Plaintiff's schedules and on the Proof of Claim. In the adversary proceeding, the summons and all other notices were sent to Checkmate, c/o The Corporation Company at the following address: 2000 Interstate Park Drive, Suite 204, Montgomery, Alabama 36104. Checkmate appears to have received its notices, because nothing has been returned to the Court.

anticipates pulling his credit report from all three credit bureaus at least one time this year, at a total cost of $45.00.[5] The Plaintiffs' counsel indicated that the total anticipated damages for these identity protection measures is $1,055.00, excluding the Plaintiff's time off from work. The Plaintiff's counsel also requested attorney fees for five hours of work at $150.00 per hour, based upon the following: 0.5 hours for drafting and filing the Motion to Strike; 1.5 hours for meeting with the Plaintiff two times; 1.0 hours for drafting and filing the Complaint; and 2.0 hours for court preparation, hearings and testimony.

## II. CONCLUSIONS OF LAW

**A. Default Judgment Standard**

The Motion for Default and supporting affidavit filed by the Plaintiff's counsel request the Court to enter a default judgment pursuant to Federal Rule of Civil Procedure 55. *See* Fed. R. Civ. P. 55[6] and Fed. R. Bankr. P. 7055.[7] Pursuant to Rule 55(a), a motion for default must prove by affidavit or otherwise a party's failure to plead or defend. Fed. R. Civ. P. 55(a). The Motion for

---

[5] The Plaintiff testified the cost to pull a credit report per bureau is $15.00.
[6] Federal Rule of Civil Procedure 55 provides in part:
    (a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
    (b) Entering a Default Judgment.
        (1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk–on the plaintiff's request, with an affidavit showing the amount due–must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
        (2) By the Court. In all other cases, the party must apply to the court for a default judgment. [...]
[7] Federal Rule of Bankruptcy Procedure 7055 provides:
    Rule 55 F. R. Civ. P. applies in adversary proceedings.

4

Default filed by the Plaintiff's counsel complies with Rule 55(a) by setting forth in a separate affidavit Checkmate's failure to defend. In order for a default judgment to be entered pursuant to Rule 55(b), there must either be a sum certain for which the clerk may enter a default judgment, or a party must apply to the Court for entry of a default judgment. *See* Fed. R. Civ. P. 55(b)(1) and (b)(2). In this case, the damages requested in the Complaint were not for a sum certain, and the Plaintiff has properly applied to the Court for his relief. However, a motion for default due to the defendant's failure to plead is not in and of itself conclusive of the defendant's liability. *See DirectTV, Inc. v. Craig (In re Craig)*, 361 F. Supp. 2d 1339, 1341 (M.D.Ala. 2005) (citing *DirectTV, Inc. v. Huynh (In re Huynh)*, 318 F. Supp. 2d 1122, 1127 (M.D.Ala. 2004)); *DirectTV v. Trawick (In re Trawick)*, 359 F. Supp. 2d 1204, 1206 (M.D. Ala. 2005) (citing same). Rather, the Court must find a sufficient basis for liability in the pleadings submitted and examine Checkmate's liability under the causes of action set forth in the Complaint. *Id*. Whether or not the Motion for Default is granted is within the Court's discretion. *Id.*

**B. Count One**

In the Motion for Default, the Plaintiff requests an entry of default judgment as to Counts One and Three. Count One of the Complaint is titled "Violation of Bankruptcy Code, Bankruptcy Rules and Contempt." Under this count, the Plaintiff alleges Checkmate violated 11 U.S.C. § 107(c), the E-Government Act of 2002 and Federal Rule of Bankruptcy Procedure 9037.

To begin with, 11 U.S.C. § 107 addresses the operation of the Court, not the behavior of parties who appear before it, and grants power to the Court to limit public access to papers. Section 107(c) grants the Court the power, for cause, to protect certain information to the extent the Court finds that the disclosure of such information would create an undue risk of identity theft. This Court

5

has previously held that pursuant to section 107, the Court properly used its power when it entered the Order on June 25, 2009, striking the Proof of Claim and directing Checkmate to file a new claim with the information properly redacted. *See Southhall v. Check Depot, Inc. (In re Southhall)*, A.P. No. 08-00128, 2008 WL 5330001, at *2 (Bankr. N.D. Ala. Dec. 19, 2008). Section 107 does not give rise to a private cause of action; rather, it grants power to the Court to restrict the filing of certain information, for cause. *Id.* Cause was shown here and the information was struck. *Id.* There is nothing further for the Court to do with respect to section 107 in this case. *Id.*

The Plaintiff also alleges Checkmate violated the E-Government Act of 2002 (hereinafter, the "E-Government Act"), along with the policies and orders of this Court. The E-Government Act provides certain guidelines and procedures to protect electronically filed information. Pursuant to the E-Government Act, the United States Bankruptcy Court for the Northern District of Alabama, in a document entitled "Information Regarding E-Government Act Privacy Requirements," formulated certain procedures to protect sensitive information contained in electronically filed pleadings.[8] This document provides that sensitive information, such as social security numbers and financial account numbers, must be partially redacted before being electronically filed. However, this documents is not an order and is not signed by a judge of this court. Thus, no cause of action can arise from this document. *See Southhall*, 2008 WL 5330001, at *3.

Finally, in Count One the Plaintiff alleges Checkmate violated Rule 9037. Fed. R. Bankr. P. 9037. Rule 9037 sets forth specific filing requirements with respect to personal information. *Id.* Rule 9037(a) requires that parties filing a(n) electronic or paper filing with the Court file only certain specific personal information, unless the Court orders otherwise. For instance, in a filing that

---

[8]This document may be viewed at www.alnb.uscourts.gov/forms/EGovtGuidelines.pdf.

6

contains an individual's social security number or financial account number, the filing party may only include the last four digits of the social security number or financial account number. Fed. R. Bankr. P. 9037(a)(1) and (a)(4). If a debtor's personal identifiers are not redacted, then Rule 9037(d) provides relief. Fed. R. Bankr. P. 9037(d). Specifically, Rule 9037(d) provides that a court may, for cause, order the personal identifiers redacted or limit electronic access to the document. *Id*. In this case, it is undisputed that Checkmate filed the Proof of Claim without redacting the Plaintiff's social security number and financial account number, in violation of Rule 9037(a). However, as prescribed by Rule 9037(d), upon the Plaintiff's filing the Motion to Strike and the entry of the Court's Order, the Proof of Claim was stricken, so that the personal identifiers could no longer be viewed by any non-court user of the Court's electronic filing system.

**C.     Damages for Count One**

The Plaintiff requests the Court to award the Plaintiff damages and to sanction Checkmate for the alleged violations set forth in Count One and award the Plaintiff attorney fees and expenses pursuant to 11 U.S.C. § 105(a). Section 105(a) provides that the Court can issue any orders or judgments that are "necessary or appropriate" to carry out the Bankruptcy Code. As discussed above, Checkmate only violated Rule 9037(a). The Court remedied this violation by entering the Order, which complied with Rule 9037(d). *See Carter v. Flagler Hospital, Inc. (In re Carter)*, Adv. No. 08-00194, 2009 WL 2870198, *4 (Bankr. M.D. Fla. April 6, 2009) (Remedy for violating Rule 9037 is set forth in the rule itself, namely, to redact the information or limit electronic access to the document). However, pursuant to the contempt powers of section 105(a), a court may sanction "creditors who improperly file papers containing the debtor's personal identifiers." *Newton v. ACC of Enterprise, Inc., et al. (In re Newton)*, Adv. No. 08-01106, 2009 WL 277437 at *5 (Bankr. M.D.

7

Ala. Jan. 29, 2009). Such action by a court would best be appropriate where a plaintiff proved a creditor acted deliberately, knowingly "flaunted the law" and "failed to take remedial action" upon discovery of the violation. *Id.*; *In re Carter*, 2009 WL 2870198, at *5.

In this case, Court finds that the Plaintiff has offered no proof that Checkmate acted intentionally or with knowledge of its own violation of Rule 9037(a). Although Checkmate failed to plead anything in this case, the harm, if any, to the Plaintiff is minimal. The Plaintiff's counsel filed the Motion to Strike within six days of Checkmate's filing the Proof of Claim, and two days later, the Court entered the Order striking the Proof of Claim. The Plaintiff's social security and financial account numbers were available to parties with electronic case filing (hereinafter, "ECF") access for eight days. Further, as this Court discussed in *Southhall*, not just "anyone" can access information in ECF. Parties with full access to the Court's ECF system must be licensed attorneys, must register with the Court and obtain a login and password. *See Southhall*, 2008 WL 5330001, at *3. It is possible that others may have access through PACER, which provides national access to federal court documents, but again, only registered users that pay a fee for access to documents can do so. At the Hearing, the Plaintiff did not indicate that he knew of anyone using his social security or financial account number.

Furthermore, this is a case of first impression for this Court.[9] Clearly, the Plaintiff's counsel is seeking a ruling that sanctions are due to be imposed for this (and potentially other) violations of Rule 9037. The Court set the Hearing Date specifically for the Plaintiff's counsel to present evidence as to the Plaintiff's damages. The Plaintiff and his counsel appeared in compliance with

---

[9]*Southhall* is distinguishable because Rule 9037 was not effective when the proof of claim was filed in that case. *Southhall*, 2008 WL 5330001, at *2.

the Court's request. The Court concludes that Checkmate's conduct on this occasion was inadvertent, negligent or an oversight. The Court finds that an award of anticipatory damages for the Plaintiff's potential costs in obtaining identity protection measures is not appropriate in this case.[10] However, this is the first case of this type, and the Plaintiff's counsel and the Plaintiff incurred time and put forth effort in presenting the evidence to this Court. Although the Court may not in the future award compensatory damages for the type of conduct discussed as to this creditor, the Court is inclined to award minimal damages to ensure the Plaintiff is made whole. The Court also notes that Checkmate did not file a new proof of claim, so that the Plaintiff's claims in this case remain reduced by $587.50. Therefore, the Court finds that compensatory damages should be awarded to the Plaintiff and his counsel for bringing this "test" case as follows: $144.00 to the Plaintiff for missing one day of work and $300.00 for the Plaintiff's attorney fees.[11]

**D. Counts Two and Three**

The Motion for Default requests a default judgment for Counts One and Three. A default judgment will only be entered as to Count One for Checkmate's violation of Rule 9037. However, the Court will briefly address why no judgment will be entered as to Counts Two and Three. Count

---

[10]At this Court's request, the Plaintiff's counsel supplied the Court with Alabama cases regarding an award of future damages. However, in those cases, future damages were awarded where there was a finding of fraud. There is no fraud in this case, and the Court concludes those cases are distinguishable.

[11]In determining the award of attorney fees in this case, the Court took notice of certain factors considered by Judge Thompson in *DirectTV, Inc. v. Huynh*. Those factors included: 1) the complexity of the case and 2) the economy of scale in the number of similar cases. *See DirectTV, Inc. v. Huynh*, 318 F. Supp. 2d at 1130. Applying these to this case, the Court notes that the Motion to Strike fell within the overall duty of serving as the Plaintiff's bankruptcy counsel. Although the Court does not dispute counsel's time in this case, the issues were not complex, and this Court had already ruled in *Southhall* regarding Counts Two and Three. *Southhall*, 2008 WL 5330001, at *3-4. Nevertheless, counsel brought this case of first impression to "test the waters" as to future, similar cases.

Two alleges violations of the Gramm-Leach-Bliley Act, 15 U.S.C. §§ 6801-6809 (hereinafter, the "GLBA"). This Court previously held in *Southhall* that Congress did not create a private cause of action in the GLBA. *See Southhall*, 2008 WL 5330001, at *4 (citing *Dunmire v. Morgan Stanley DW, Inc.*, 475 F.3d 956 (8th Cir. 2007)). Therefore, because no private cause of action exists, the Court will not enter a default judgment as to Count Two against Checkmate.

Count Three is for invasion of privacy. In Alabama, in order to prevail on an invasion of privacy claim, one must prove the personal information was publicized. *Southhall*, 2008 WL 5330001, at *3 (citing *Ex Parte Birmingham News, Inc.*, 778 So. 2d 814 (Ala. 2000)); *Newton*, 2009 WL 277437, at * 4. As previously mentioned, the Plaintiff's information in the Proof of Claim was only available to ECF users for a period of eight days before the Clerk's Office struck the Proof of Claim. Also, as discussed under "Damages for Count One" above and in *Southhall*, not just anyone can access and use ECF. *See Southhall*, 2008 WL 5330001, at *3. The Court dismissed the claim for invasion of privacy in *Southhall*, and for the reasons set forth in that opinion and the facts of this case, the Court finds that the information Checkmate included in the Proof of Claim was not "publicized" and does not constitute an invasion of privacy. *See id*. Therefore, the Court will not enter a default judgment as to Count Three against Checkmate.

### III.  CONCLUSION

Based upon the foregoing, the Court concludes that the Plaintiff's Motion for Default is due to be granted as to Count One and compensatory damages in the total amount of $444.00 are due to be awarded to the Plaintiff and his counsel as follows: $144.00 as compensation for the Plaintiff's missing one day of work and $300.00 as compensation for the Plaintiff's attorney fees. Therefore, it is hereby

**ORDERED**, **ADJUDGED** and **DECREED** that the Plaintiff's Motion for Default is granted as to Count One, and a default judgment will be entered against the defendant, Checkmate, as to Count One, and it is further

**ORDERED**, **ADJUDGED** and **DECREED** that damages in the amount of $444.00 will be awarded to the Plaintiff and his counsel as follows: $144.00 as compensation for the Plaintiff's missing one day of work and $300.00 as compensation for the Plaintiff's attorney fees. A separate judgment in conformity with this opinion shall also be entered.

Dated this the 23rd day of October, 2009

                                             **/s/ Tamara O. Mitchell**
                                             TAMARA O. MITCHELL
                                             UNITED STATES BANKRUPTCY JUDGE

TOM/ejb

xc:    Patrick C. Carter, Plaintiff
        Glen Chattin Moore and Rob Keller, attorneys for the Plaintiff
        Mary Frances Fallaw, Staff Attorney for the Chapter 13 Trustee
        Checkmate, Cash Advance Centers, LLC, Defendant